IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**JOSEPH GREGOR, as parent
and guardian of ANNA GREGOR,
A minor,**
    **Plaintiff,**

v.          Civil Action No. _____

2:20-cv-00654

**WEST VIRGINIA SECONDARY
SCHOOLS ACTIVITIES COMMISSION
and
WEST VIRGINIA BOARD OF EDUCATION,
A state agency,
Defendants**.

### VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

1. Plaintiff Joseph Gregor seeks enforcement of his daughter Anna Gregor's rights to participate in interscholastic public high school athletics free from gender-based discrimination under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; the Due Process Clause found in Article III, Section 10 of the West Virginia Constitution; the West Virginia Human Rights Act, W.Va. Code § 5-11-9 et seq.; and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. ("Title IX"). This emergency relief is necessary because the sports season is imminent; Plaintiff's daughter is being irreparably harmed by Defendants' decision to exclude her from team conditioning and practices; she will be further irreparably harmed by exclusion from upcoming games, which are unique and irreplaceable opportunities; and other remedies are inadequate to fully protect her interests.

**Jurisdiction and Venue**

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's complaints concern rights guaranteed by the Fourteenth Amendment to the United States Constitution and Title IX, codified at 34 C.F.R. § 106.41.

3. Jurisdiction is separately conferred by 28 U.S.C. § 1343(a) (3) and (4).

4. Jurisdiction for declaratory and other relief is invoked pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This Court has supplemental jurisdiction over state law claims alleged herein pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the acts complained of herein occurred in Kanawha County, because Plaintiff resides in this district, and because Defendants operate in this district.

**Parties**

7. Plaintiff Joseph Gregor and his minor daughter Anna Gregor are residents and citizens of Kanawha County, West Virginia.

8. Defendant West Virginia Secondary Schools Activities Commission ("WVSSAC") is an organization created by West Virginia Code § 18-2-25 charged with regulating and supervising interscholastic athletic activities.

9. WVSSAC promulgates rules governing students' participation in athletics, and acts at the will and pleasure of Defendant West Virginia State Board of Education ("WVBOE").

10. WVBOE is a state agency created by Article XII § 2 of the West Virginia Constitution, charged with general supervision of all free schools in this State.

11.     WVSSAC and WVBOE are direct and/or indirect recipients of financial assistance from the United States Department of Education to support their programs and activities.

12.     WVSSAC and WVBOE are subject to the West Virginia Human Rights Act and are "places of public accommodations" as defined by W.Va. Code § 5-11-3(j).

**Facts**

13.     Anna Gregor is a 16-year-old student in 11th grade at Sissonville High School.

14.     Anna has played soccer since age 4, and is, by all accounts, an extraordinarily talented soccer player.

15.     Anna starred on the Sissonville High School girls' soccer team during the 2018-2019 and 2019-2020 seasons, and was selected for the All-State girls' teams during both years. As a freshman, she was named to the All-State Second team (recognizing her among the state's top 32 female soccer players). As a sophomore, she was named to the All-State First Team (the state's top 16 players).

16.     After her sophomore season, Anna decided that she would pursue soccer in college. To best position herself for selection by Division I or Division II schools, Anna sought to maximize her level of play throughout the rest of her time in high school.

17.     To that end, Anna decided that, instead of continuing on the Sissonville High School girls' team, she should pursue more competitive leagues, such as club and recreational teams outside of school.

18.     Meanwhile, Coach James Swain of the Sissonville High School boys' soccer team took note of Anna's exceptional skill. Supportive of her dreams to play in college, he invited her

to serve as the boys' team manager and to train with the boys over the summer and fall seasons of 2020 to further her skills.

19. Anna accepted this invitation and began conditioning with the boys' team six days a week throughout July and early August 2020. She never missed a session and met or exceeded all requirements of the rigorous boys' program.

20. As a result of her hard work and demonstrated abilities, Coach Swain told Anna and her parents on August 13, 2020, that she had earned a starting position as a midfielder on the boys' team, if approved.

21. As a female athlete playing on the boys' team, Anna would enjoy greater benefits than those presented to her by playing on the girls' team, including but not limited to higher levels of competition, more tactical challenges, and a faster-paced game.

22. This opportunity to play against stronger competitors on the boys' team would best prepare Anna for college play and would generate superior video footage of her skills, which is key to college recruitment and selection for scholarships.

23. Accordingly, Anna accepted the starting midfielder position and began officially practicing with the boys' team on August 17, 2020.

24. Anna completed 18 practices with the boys' team, up until September 9, 2020.

25. Meanwhile, Plaintiff learned on or about August 14, 2020, that there might be an issue with Anna participating on the boys' team, because she is a girl.  Plaintiff immediately contacted WVSSAC to seek approval for Anna to play.

26. Defendants, however, told Plaintiff they thought Anna could not play on the boys' team and offered a series of changing and false reasons as to why that was so.

27. First, WVSSAC claimed that Title IX precluded Anna from playing on the boys' soccer team.

28. Plaintiff learned and pointed out, however, that Title IX did not bar girls from playing on boys' teams; it actually prohibited sex discrimination in educational institutions receiving federal funds and allowed talented girls to play on boys' teams. Plaintiffs also learned and informed WVSSAC that other states allow talented girls to play on boys' teams when separate girls' teams exist -- which they could not do if Title IX, a federal law, prohibited it.

29. Defendants then came up with a new reason for barring Anna on the basis of her sex. They told Plaintiff that Anna could not play on the boy's team because of WVSSAC Rule 3.8, codified at 127 CSR2 3.8, which provides:

> **127 CSR2 3.8** Schools may sponsor separate teams for members of each sex where selections for such teams is based on competitive skill. If a school sponsors a team in a particular sport for members of one sex but sponsors no such team for members of the other sex, and athletic opportunities for members of that sex previously have been limited, members of the excluded sex must be allowed to try out for the team offered. For example, because overall athletic opportunities for females have previously been limited, females will be allowed to try out for baseball, but males will not be allowed to try out for volleyball or softball.

30. Plaintiff pointed out the fallacies of this second argument, including that the first sentence of the rule explicitly authorized Anna to play on the boys' team because she had been selected for it "based on competitive skill."

31. Defendants further resisted, so Plaintiff resorted to seeking counsel.

32. On September 4, 2020, Plaintiff's counsel wrote to Defendants, set forth the applicable laws prohibiting discrimination, and asked again that Anna simply be allowed to play.

33. Within days of receipt of counsel's letter, Defendants retaliated against Anna for asserting her rights. At the start of practice on September 9, 2020, Anna was told she could no

longer practice with the team due to an unidentified and previously unasserted WVSAAC "rule" prohibiting team managers from training with opposite-sex teams.

34. Plaintiff has been advised that, on that same date, school officials acting on behalf of Defendants met with Coach Swain and criticized him for allowing Anna to participate with the boys' team up until that point. Plaintiff has also been told that the officials showed Coach Swain the September 4 letter from Plaintiff's counsel and threatened him with a fine.

35. The "rule" Defendants reference does not appear in the WVSSAC 2020-2021 Rules and Regulations Handbook.

36. Accordingly, Plaintiff's counsel requested that WVSSAC and/or WVBOE's counsel produce a copy of this "rule" and any others that would justify Anna's dismissal.

37. To date, no such rules have been produced.

38. WVSSAC has informed Plaintiff that it lacks authority to change Rule 3.8 and outlined lengthy procedures by which Anna might instead apply for waiver and/or rule changes, which would become effective next year.

39. But Rule 3.8 does not bar Anna from playing on the boys' team, or if it does, her exclusion is unconstitutional and illegal.  Moreover, none of those options provide the immediate relief necessary for Anna to train or play games during the current season.

40. Coed teams are common at the high school level in West Virginia. In fact, of the 19 games Sissonville is set to play during the fall of 2020, 5 are against coed teams.

41. Outside of the school circuit, students of high school age regularly compete on coed teams in club and travel teams nationwide.

42. However, in this case, Defendants purposefully excluded Anna from the more competitive Sissonville High School boys' team for one reason only: she is a girl.

43. Anna has been and is being continually and irreparably harmed by this violation of her civil rights.

44. If Anna is not immediately reinstated, the season will progress, and she will miss training, practices, and all of the games and other benefits described above.

### COUNT I:  VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

45. Plaintiff incorporates the preceding paragraphs by reference.

46. The Fourteenth Amendment to the United States Constitution provides that no State shall deny any person within its jurisdiction the equal protection of the laws. U.S.CONST. amend. XIV, § 1.

47. Defendants violated this provision by excluding Anna from the boys' soccer team on the basis of her sex.

### COUNT II:  VIOLATION OF THE EQUAL PROTECTION PRINCIPLES OF THE WEST VIRGINIA CONSTITUTION

48. Plaintiff incorporates paragraphs 1 through 44 by reference.

49. The Due Process Clause of the West Virginia Constitution provides that no person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers. WV.CONST. art. III § 10.

50. This Clause imparts equal protection rights which are co-extensive with, or broader than, those provided in the Fourteenth Amendment. *Israel by Israel v. WVSSAC*, 388 S.E.2d 480, 487 (W.Va. 1989).

51. Defendants violated Anna's equal protection rights under the Due Process Clause of the West Virginia Constitution by excluding her from the boys' soccer team on the basis of her sex.

## COUNT III:  VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT

52. Plaintiff incorporates paragraphs 1 through 44 by reference.

53. Defendants are subject to the West Virginia Human Rights Act, W.Va. Code § 5-11-1 et seq., ("the Act") and are places of "public accommodations" as defined by § 5-11-3(j). *Israel by Israel v. WVSSAC*, 388 S.E.2d 480, 487-489 (W.Va. 1989).

54. The Act provides, in relevant part:

**§ 5-11-9. Unlawful discriminatory practices**.

It shall be an unlawful discriminatory practice…

\*\*

(6) For any person being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodations to:

(A) Refuse, withhold from or deny to any individual because of his or her race, religion, color, national origin, ancestry, sex, age blindness or disability, either directly or indirectly, any of the accommodations, advantages, facilities, privileges or services of the place of public accommodations;

55. Defendants violated Anna's rights under subsection (A) of the Act by excluding her from the boys' soccer team on the basis of her sex.

## COUNT IV: VIOLATION OF TITLE IX
## OF THE EDUCATION AMENDMENTS OF 1972

56. Plaintiff incorporates paragraphs 1 through 44 by reference.

57. Title IX of the Education Amendments of 1972 prohibits discrimination on the basis of sex by educational institutions receiving federal funding. It provides, in relevant part:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…
>
> 20 U.S.C. § 1681(a).

58. Title IX regulations found in 34 C.F.R. § 106.41 state in relevant part:

Athletics.

(a) General. No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, be treated differently from another person or otherwise be discriminated against in any interscholastic, intercollegiate, club or intramural athletics offered by a recipient, and no recipient shall provide any athletics separately on such basis.

(b) Separate teams. Notwithstanding the requirements of paragraph (a) of this section, a recipient may operate or sponsor separate teams for members of each sex where selection for such teams is based upon competitive skill or the activity involved is a contact sport. However, where a recipient operates or sponsors a team in a particular sport for members of one sex but operates or sponsors no such team for members of the other sex, and athletic opportunities have previously been limited, members of the excluded sex must be allowed to try out for the team offered unless the sport involved is a contact sport. For purposes of this part, contact sports include boxing, wrestling, rugby, ice hockey, football, basketball and other sports the purpose or major activity of which involves bodily contact.

59. Defendants violated Anna's rights under Title IX and these specific provisions by excluding her from the boys' soccer team on the basis of her sex.

## COUNT V: UNLAWFUL RETALIATION IN VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972

60. Plaintiff incorporates paragraphs 1 through 44 by reference.

61. Title IX of the Education Amendments of 1972 states in relevant part:

No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…

20 U.S.C. § 1681.

62.     Defendants violated this provision and specifically retaliated against Anna for asserting her civil rights by dismissing her from further practice and the position of midfielder which she had earned.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that the Court:

(a)     Declare that the exclusion of Anna Gregor from the Sissonville High School boys' soccer team on the basis of her sex violates the Fourteenth Amendment to the United States Constitution;

(b)     Declare that the exclusion of Anna Gregor from the Sissonville High School boys' soccer team on the basis of her sex violates the equal protection rights guaranteed by the Due Process Clause of the West Virginia Constitution;

(c)     Declare that the exclusion of Anna Gregor from the Sissonville High School boys' soccer team on the basis of her sex violates the West Virginia Human Rights Act, W.Va.Code § 5-11-9 et seq.;

(d)     Declare that the exclusion of Anna Gregor from the Sissonville High School boys' soccer team on the basis of her sex violates Title IX and its applicable regulations;

(e)     Declare that the exclusion of Anna Gregor from the Sissonville High School boys' soccer team on the basis of the supposed "rule" cited by Defendants barring opposite-sex team managers from practicing with their teams is unconstitutional and illegal because no such rule exists;

(f) Declare that the exclusion of Anna Gregor from the Sissonville High School boys' soccer team on the basis of the supposed "rule" cited by Defendants barring opposite-sex team managers from practicing with their teams violates the Fourteenth Amendment to the United States Constitution;

(g) Declare that the exclusion of Anna Gregor from the Sissonville High School boys' soccer team on the basis of the supposed "rule" cited by Defendants barring opposite-sex team managers from practicing with their teams violates the equal protection rights guaranteed by the Due Process Clause of the West Virginia Constitution;

(h) Declare that the exclusion of Anna Gregor from the Sissonville High School boys' soccer team on the basis of the supposed "rule" cited by Defendants barring opposite-sex team managers from practicing with their teams violates the West Virginia Human Rights Act., W.Va. Code § 5-11-9 et seq.;

(i) Declare that the exclusion of Anna Gregor from the Sissonville High School boys' soccer team on the basis of the supposed "rule" cited by Defendants barring opposite-sex team managers from practicing with their teams violates Title IX and its applicable regulations;

(j) Issue an immediate temporary restraining order and a preliminary injunction requiring Defendants to allow Anna Gregor full participation on the Sissonville High School boys' soccer team and all corresponding training and benefits enjoyed by other members of that team without retaliation or further discriminatory behavior;

(k)     Issue a permanent injunction requiring Defendants to allow Anna Gregor full participation on the Sissonville High School boys' soccer team and all corresponding training and benefits enjoyed by other members of that team without retaliation or further discriminatory behavior;

(l)     Award Plaintiff all costs, expenses, and reasonable attorneys' fees associated with this action;

(m)     Award such further relief as the Court deems appropriate.

Plaintiff attaches a Verification attesting to the truth of the matters asserted herein.

**Respectfully submitted,**

*/s/Sharon F. Iskra*
Sharon F. Iskra (WVSB # 6582)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
T. 304-345-6555
F. 304-342-1110
siskra@baileyglasser.com

Arthur H. Bryant (*Pending Pro Hac Vice Admission*)
Bailey & Glasser LLP
1999 Harrison Street, Suite 660
Oakland, CA 94612
T.  (304) 345-6555
F.  (304) 342-1110
abryant@baileyglasser.com

## VERIFICATION OF JOSEPH GREGOR

I, Joseph Gregor, am over the age of 18. I swear and affirm that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

_____          10/4/20
Joseph Gregor                                               Date

Sworn and subscribed before me this 4th day of October, 2020.

Notary: _Beverly Sisson_

SEAL

```
Official Seal
Notary Public, State of West Virginia
Beverly Sisson
27 Sunsetview Lane
Sissonville WV 25320
My Commission Expires May 23, 2021
```