IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSEPH GREGOR, et al.,

        Plaintiffs,

v.    CIVIL ACTION NO.   2:20-cv-00654

WEST VIRGINIA SECONDARY SCHOOLS
ACTIVITIES COMMISSION, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiffs' Motion for a Preliminary Injunction. [ECF No. 4]. Plaintiffs filed this Motion on October 7, 2020, seeking both a Temporary Restraining Order and a Preliminary Injunction. On October 9, 2020, I denied Plaintiffs' request for a Temporary Restraining Order. [ECF No. 8]. Now, Plaintiffs' Motion for a Preliminary Injunction is ripe for decision. Having reviewed the Plaintiffs' Complaint, Motion, memorandum of law, attached affidavit, Plaintiffs' supplemental filings, and Defendants' response, I find that there is no material dispute of fact and that a hearing is not necessary for further factual development. *Kaepa v. Curtiss-Wright Corp.*, 681 F.2d 161, 163 (3d Cir. 1982) (holding that a hearing is not required for a district court to grant or deny a preliminary injunction so long as the district court does not rely on a properly disputed fact). For the following reasons, Plaintiffs' Motion for a Preliminary Injunction is **DENIED**.

Plaintiff Joseph Gregor filed this suit on behalf of his minor daughter, Anna Gregor ("Plaintiff Student"), who is a high school junior, and by all accounts, an

accomplished athlete. After practicing with the Sissonville High School boys' soccer team over the summer and being invited to join the boys' soccer team by that team's coach, school officials forbade her from joining the team or even practicing with them. [ECF No. 1, at ¶¶ 13–44]. Plaintiff Student had hoped to join the boys' soccer team to compete at a different level than the girls' soccer team and because she believed it would better prepare her for college soccer. *Id.*

Plaintiffs bring five different claims against Defendants West Virginia Secondary School Activities Commission and the West Virginia Board of Education. Plaintiff alleges violations of her rights under the Fourteenth Amendment to the United States Constitution, [ECF No. 1, at ¶¶45–47]; the Equal Protection principles of the West Virginia Constitution, *id.* at ¶¶ 48–51; the West Virginia Human Rights Act, *id.* at ¶¶ 52–57; Title IX of the Education Amendments of 1972, *id.* at ¶¶ 56–59; and unlawful retaliation in violation of Title IX, *id.* at ¶¶ 60–62.

"Ordinarily, preliminary injunctions are issued to 'protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits.'" *Perry v. Judd*, 471 F. App'x 219, 223 (4th Cir. 2012) (quoting *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir.2003)).

The United States Supreme Court and the United States Court of Appeals for the Fourth Circuit have provided district courts with a precise analytical framework for determining whether to grant preliminary relief. First, the plaintiff must make a clear showing that it will likely succeed on the merits. Second, the plaintiff must make a clear showing that they are likely to be irreparably harmed absent

preliminary relief. Third, the plaintiff must show that the balance of equities tips in their favor. Finally, the plaintiff must show that an injunction is in the public interest. All four requirements must be satisfied. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds*, 130 S. Ct. 2371 (2010).

I.   **Likelihood of Success on the Merits**

The most common standard for measuring whether the movant has demonstrated a likelihood of success on the merits is whether the movant has demonstrated a reasonable probability of success. *Fed. Practice and Procedure (Wright & Miller)* § 2948.3. I will first lay out the standard for each of Plaintiffs' five claims and then address their likelihood of success based on the arguments presented in Plaintiffs' memorandum of law.

A claim for a violation of Plaintiff Student's rights under the Fourteenth Amendment to the United States' Constitution must show that the gender classification in question does not further an important government interest and that the classification is not substantially related to that interest. *H.B. Rowe Co. v. Tippett*, 615 F.3d 233, 242 (4th Cir. 2010). The Supreme Court of Appeals of West Virginia has found that gender discrimination claims brought under the West Virginia Constitution and the West Virginia Human Rights Act must meet that same standard. *Israel by Israel v. W. Va. Secondary Schs. Activities Comm'n*, 388 S.E.2d 480, 487, 490 (W. Va. 1989).

Plaintiffs' Title IX claim asserts that Defendants actions violate 34 C.F.R. § 106.41(a)–(b). These sections read as follows:

> (a) General. No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, be treated differently from another person or otherwise be discriminated against in any interscholastic, intercollegiate, club or intramural athletics offered by a recipient, and no recipient shall provide any athletics separately on such basis.
>
> (b) Separate teams. Notwithstanding the requirements of paragraph (a) of this section, a recipient may operate or sponsor separate teams for members of each sex where selection for such teams is based upon competitive skill or the activity involved is a contact sport. However, where a recipient operates or sponsors a team in a particular sport for members of one sex but operates or sponsors no such team for members of the other sex, and athletic opportunities have previously been limited, members of the excluded sex must be allowed to try out for the team offered unless the sport involved is a contact sport. For purposes of this part, contact sports include boxing, wrestling, rugby, ice hockey, football, basketball and other sports the purpose or major activity of which involves bodily contact.

34 C.F.R. § 106.41(a)–(b).

Plaintiffs' retaliation claim requires a showing that Plaintiff Student engaged in a protected activity, she was thereafter subjected to an adverse action, and that a causal link exists between the protected activity and the adverse action. *Atkinson v. Lafayette Coll.*, 653 F.Supp.2d 581 (E.D. Pa. 2009); *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005).

Here, Plaintiffs assert that they will clearly succeed on the merits of the Equal Protection and Title IX claims based on their reading of the *Israel*[1] case and the *Mercer*[2] case. But these two cases are too dissimilar from the facts in this case to

---

[1] *Israel by Israel v. W. Va. Secondary Schs. Activities Comm'n*, 388 S.E.2d 480 (W. Va. 1989)
[2] *Mercer v. Duke Univ.*, 190 F.3d 643 (4th Cir. 1999)

adequately demonstrate a likelihood of success on the merits. The crucial difference being that, in this case, Sissonville High School does offer a girls' soccer team.

In *Israel*, the Supreme Court of Appeals of West Virginia examined the differences between baseball and softball to determine whether a female high school student should be permitted to compete for a spot on the, at that time, all boys baseball team. 388 S.E.2d 480 (W. Va. 1989). The court's analysis primarily turned on whether baseball and softball were similar enough sports to justify softball as an alternative activity for female high school athletes when they were disallowed from trying out for the baseball team. *Id.* at 485–486. After examining the rules, the equipment, the field, and the "intangibles" associated with playing baseball, the court found that the plaintiff must be permitted to try out for the baseball team because baseball and softball are different sports. *Id.* Even a cursory reading of *Israel* suggests that it does not directly apply in this situation because the sport played by the girls' soccer team and the boys' soccer team at Sissonville High School are the same.

In *Mercer*, the Fourth Circuit addressed the regulations associated with Title IX and how they applied to a woman who had been offered a spot on the Duke University Football Team but then was later disallowed from competing because of she was a woman. 190 F.3d 643 (4th Cir. 1999). There, it was critical that football was only offered to members of one sex and not the other. *Id.* at 646. Because Sissonville High School offers both a boys' soccer team and a girls' soccer team, *Mercer* is not dispositive.

Plaintiffs' unlawful retaliation claim is inextricably linked to her other claims. Likelihood of success on this claim requires a showing that Plaintiff Student was

5

subject to an adverse action. Here the alleged adverse action is preventing Plaintiff Student from practicing with the boys' soccer team. But whether this action is adverse will turn on whether the school is permitted to prevent girls from practicing with the boys' soccer team. Because I find that Plaintiffs have not demonstrated a likelihood of success on the merits for their discrimination claims, I cannot find that they have demonstrated a likelihood of success on their Title IX retaliation claim.

I am, of course, neither deciding on the merits of this case nor saying that the *Israel* and/or *Mercer* are completely inapplicable to the facts in this case. These two cases may very well inform my decision on the merits. But at this point, Plaintiffs' reliance on them fails to demonstrate a likelihood of success on the merits.

Because Plaintiffs fail to demonstrate a likelihood of success on the merits, they are not entitled to a Preliminary Injunction. Therefore, I only briefly address the remaining factors below.

## II. Irreparable Harm

Despite Plaintiffs alleging five different claims in this case, the injury associated with each is the same: not being able to play on or practice with the boys' soccer season. Therefore, I only need to address this one injury rather than five separate injuries.

To satisfy this required factor of a preliminary injunction, the harm alleged "must be neither remote nor speculative." *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 283 (4th Cir. 2002). Within the context of constitutional violations, a plaintiff's claimed irreparable harm is "inseparably linked" to the likelihood of success on the merits. *Talleywhacker, Inc. v. Cooper*, No. 5:20-cv-218-FL, 2020 WL 3051207 at *13

(E.D.N.C. June 8, 2020) (quoting *WV Ass'n of Club Owners & Fraternal Servs., Inc. V. Musgrave*, 553 F.3d 292, 298 (4th Cir. 2009)).

Plaintiffs argue that Plaintiff Student will be irreparably harmed by not being permitted to play on the Sissonville High School boys' soccer team because she will be missing out on the chance to further develop her skills and because it will harm her chances of being recruited to play college soccer. Courts are divided over whether not being able to participate in athletics constitutes irreparable harm. But most courts seem to lean toward the harm being irreparable only when the person cannot participate in the sport at all. *Reed v. Nebraska School Activities Assoc.*, 341 F. Supp. 258 (D. Neb. 1972) (finding irreparable harm when a girl would not be able to play golf at all if not permitted to play on the boys' golf team); *D.M. by Bao Xing v. Minnesota State High School League*, 917 F.3d 994, 1003 (8th Cir. 2019) (finding irreparable harm when boys would have no school dance team to compete on if not permitted to join the girls' dance team). Other courts have found that students are not irreparably harmed even when the student is barred from competition for an entire season. *See e.g., A.M. v. Penn. Interscholastic Athletic Assoc., Inc.*, No. 1:20-CV-290-SPB, 2020 WL 5877617, at *4 (W.D. Pa. Oct. 1, 2020).

In my order denying Plaintiffs' request for a Temporary Restraining Order, I held that Plaintiff Student had not sufficiently alleged irreparable harm because of other options for playing soccer like joining the girls' team at Sissonville High or playing with a private club as she initially planned. [ECF No. 8, at 6–7]. But since issuing that order, Plaintiffs' and Defendants' filings have provided additional facts

7

that make it even more clear that Plaintiff Student will not suffer irreparable harm if I choose not to issue a preliminary injunction.

In Plaintiffs' initial filings, it was argued that Plaintiff Student must be allowed to compete on the Sissonville High School boys' soccer team so that she could develop her skills and hopefully be recruited to play soccer in college. Plaintiffs argued that if she were not immediately permitted to play on the boys' team, her skills would suffer, and she might not be recruited because she would not be able to participate in the 2020 season. But in Plaintiffs' request to file supplemental briefing on the issue of a preliminary injunction, they informed the court that there were perhaps only two games and two practices left in the season. [ECF No. 14]. There were two post season games scheduled for October 19 and 21, but playing any further games is contingent on the outcome of each game. [ECF No. 18, at 2]. Plaintiffs further asserted that Plaintiff Student had no other options for playing soccer because she had missed any opportunity to try out for the girls' team or a private club team. [ECF No. 14-1, at 2–3].

Even with these additional facts, I cannot find that Plaintiffs have alleged an injury that is neither "remote nor speculative." Plaintiffs' principle allegation is that by being denied an opportunity to play on the boys' team and practice with them, she is being harmed because her chances of being recruited to play in college are diminished. In my order denying the TRO, I found that this was too speculative to constitute irreparable harm. Having now learned that if I do choose to grant the preliminary injunction, Plaintiff Student would only be able to participate in possibly one or two games, or maybe none at all, I am even further convinced that no

8

irreparable harm will be suffered by my denial of this request for a preliminary injunction.

### III. Balancing the Equities and the Public Interest

Having found that Plaintiffs have demonstrated neither a likelihood of success on the merits nor irreparable injury, I need not address these factors of a preliminary injunction.

### IV. Conclusion

For the above reasons, Plaintiffs' request for a Preliminary Injunction [ECF No. 4] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 27, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE